UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLORIA KNIGHT** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:19-cv-01022-ACA |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION**

Plaintiff Gloria Knight appeals the decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits, and supplemental security income. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.   PROCEDURAL HISTORY

Ms. Knight applied for a period of disability, disability insurance benefits, and supplemental security income, alleging that her disability began on April 11, 2016. (R. at 158–66). The Commissioner initially denied Ms. Knight's claims (*id.* at 47–48), and Ms. Knight requested a hearing before an Administrative Law Judge

("ALJ") (*id.* at 81–82). After holding a hearing (*id.* at 30–44), the ALJ issued an unfavorable decision (*id.* at 14, 17–23). The Appeals Council denied Ms. Knight's request for review (*id.* at 1), making the Commissioner's decision final and ripe for the court's judicial review, 42 U.S.C §§ 405(g), 1383(c)(3).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable

and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Knight had not engaged in substantial gainful activity since the date of the alleged onset of her disability. (R. at 19). The ALJ found that Ms. Knight's osteoarthritis of the left knee was a severe impairment. (*Id.*). The ALJ then concluded that Ms. Knight did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 20).

After considering the evidence, the ALJ determined that Ms. Knight had the residual functional capacity to perform light work with certain additional limitations, including a complete inability to kneel, crawl, and climb ladders, ropes, or scaffolds. (R. at 20). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Knight was capable of performing her past relevant work as a day care attendant and a dietary aid. (*Id.* at 22–23). Accordingly, the ALJ determined that Ms. Knight was not been under a disability, as defined in the Social Security Act, from April 11, 2016 through the date of the decision on August 2, 2018. (*Id.* at 23).

## IV. DISCUSSION

Ms. Knight argues that substantial evidence does not support the ALJ's determination that the medical evidence is inconsistent with her reports of pain because the record shows that she consistently sought treatment for her knee pain, and her treating physician recommended a knee replacement. (Doc. 8 at 11–12). She also argues that the ALJ erred in assigning great weight to the opinion of a non-examining physician about Ms. Knight's limitations. (*Id.* at 13–16). The court will address each argument in turn.

1. <u>The Pain Standard</u>

Ms. Knight's first argument is that the ALJ failed to properly evaluate her subjective complaints of pain in accordance with the Eleventh Circuit's pain

standard. (Doc. 8 at 5). Specifically, she points to evidence in the record showing that she complained to various medical professionals about her pain, and argues that the ALJ failed to state with specificity what medical evidence is inconsistent with her reports, especially in light of one doctor's recommendation that she have a knee replacement. (*Id.* at 7–13).

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). The Commissioner does not dispute that Ms. Knight presented evidence of osteoarthritis in her left knee as an underlying medical condition. (*See* Doc. 12 at 7–10). Thus, the only question before the court is whether substantial evidence supports the ALJ's determination that Ms. Knight's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 21).

Substantial evidence supports the ALJ's credibility determination. First, to the extent that Ms. Knight argues the ALJ should have considered the medical

5

records showing that she had complained of knee pain consistently, the ALJ's decision demonstrates that he did consider those records. (*See* R. at 21). However, he determined that the intensity of her complaints was not consistent with the objective medical evidence, which showed that she consistently had a normal gait (albeit a limited range of motion and demonstrated tenderness in the knee), and was prescribed only NSAIDs to manage the pain. (*Id.* at 21–21; *see also id.* at 252–98). He specifically found that "it is difficult to attribute the degree of limitation [that Ms. Knight described] to the claimant's medical condition, as opposed to other reasons, in view of the objective medical evidence of record." (*Id.* at 22). This court may not reweigh the evidence or substitute its judgment for the ALJ's. *See Winschel*, 631 F.3d at 1178. The ALJ's decision clearly demonstrates that he "considered [Ms. Knight's] medical condition as a whole." *Dyer*, 395 F.3d at 1211.

Ms. Knight also argues that the ALJ erred in disregarding the recommendation of Dr. Cleon Rogers, a physician who had been treating Ms. Knight for her knee pain, that she have a knee replacement. (Doc. 8 at 12–13). Dr. Rogers' recommendation was contained in a letter that stated, in its entirety: "Ms. Gloria Knight is a patient of mine at Christ Health Center. She comes often for knee injections due to osteoarthritis and I recommend a knee replacement for this condition." (R. at 300). The ALJ acknowledged the letter and the recommendation but gave it limited weight because Dr. Rogers did not note any functional limitations,

the medical records revealed only two injections, and his treatment notes did not mention any need for a knee replacement. (*Id.* at 22).

"[C]redibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). The ALJ here provided a factual basis for his decision to give little weight to Dr. Rogers' letter, and the reasons given are supported by the record. *See id.*; *see also Winschel*, 631 F.3d at 1179 ("Good cause [to give little weight to a treating physician's opinion] exists when the . . . treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. With good cause, an ALJ may disregard a treating physician's opinion, but he must clearly articulate the reasons for doing so.") (quotation marks, citation, and alteration omitted). This court is bound by the ALJ's credibility determination with respect to Dr. Rogers' letter.

The record shows that the ALJ considered Ms. Knight's condition as a whole in making his determination that her subjective reports about the intensity, persistence, and limiting effect of her pain was not consistent with the medical evidence. Accordingly, substantial evidence supports the ALJ's credibility determination and his application of the pain standard.

2. Opinion of a Non-Examining Physician

Ms. Knight contends that the ALJ erred in assigning great weight to an opinion by Dr. Stuart Stephenson, a non-examining physician, because the opinion

of non-examining physicians are entitled to little weight unless supported by other evidence in the record, and Dr. Stephenson gave his opinion in June 2016, before Ms. Knight's treatment from May 2017 through February 2018. (Doc. 8 at 13–15). She also argues that, in making that credibility determination, the ALJ erroneously relied on her physicians' lack of a specific recommendation that she stop work-related activities. (*Id.* at 15–16).

In June 2016, Dr. Stuart Stephenson, a State agency physician, reviewed Ms. Knight's medical records from February and May 2016. (R. at 52, 57). He opined that Ms. Knight had osteoarthritis of the left knee but that she had the residual functional capacity that the ALJ ended up adopting. (*Compare id.* at 53–54 *with id.* at 20). The ALJ gave Dr. Stephenson's opinion great weight, explaining that "[a]lthough [Dr. Stephenson] did not have the benefit of more recent treatment notes from Dr. Rogers and Christ Health Center, there is nothing in those records to suggest greater limitations. No treating or examining physician has precluded the claimant from any work-related activity." (*Id.* at 22).

Generally, the ALJ gives "more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [the claimant]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *see also id.* §§ 404.1527(c)(3), 416.927(c)(3) ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their medical

opinions will depend on the degree to which they provide supporting explanations for their medical opinions."). Under Eleventh Circuit precedent, the ALJ cannot rely solely on the opinion of a non-examining physician to deny disability benefits. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). But an ALJ can rely on a non-examining physician's report in denying benefits as long as that report does not contradict information in the examining physicians' reports. *See Edward v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991).

Here, the ALJ gave great weight to Dr. Stephenson's opinion because nothing else in the record suggested greater limitations than the limitations he found. (R. at 22). Ms. Knight has not pointed to any contradiction between Dr. Stephenson's opinion and the objective medical evidence in the record; she argues only that later medical records show that she continued to complain of and receive treatment for knee pain. (*See* Doc. 8 at 14–15). But Dr. Stephenson's opinion accepted that Ms. Knight was experiencing knee pain, although he opined that she maintained the ability to perform certain work-related activities. (*See* R. at 53–54). Accordingly, this court is bound by the ALJ's credibility determination, which he explained with particularity. *See Edward*, 937 F.2d at 584–85; *Winschel*, 631 F.3d at 1179.

Ms. Knight next argues that substantial evidence does not support the ALJ's credibility determination because the ALJ impermissibly inferred from her physicians' silence on any work limitations that she did not have any such

9

limitations. (Doc. 8 at 15–16). The Eleventh Circuit has stated that where a physician opines that the claimant cannot perform his past work, but does not speak on the ability to do light work in general, "[s]uch silence is equally susceptible to either inference [that the claimant can perform light work or cannot perform light work], therefore, no inference should be taken." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

The parties argue about whether that statement in *Lamb* is a holding or dicta (*see* doc. 8 at 15–16; doc. 12 at 15–16), but even if it is a holding, such a holding would not avail Ms. Knight in this case. The ALJ did not infer that Ms. Knight is able to work based on her physicians' lack of recommendation about her ability to work. The ALJ mentioned the lack of recommendation about Ms. Knight's ability to work in the course of explaining his credibility determination to give great weight to the opinion of a non-examining physician. *See Edward*, 937 F.2d at 584–85 (holding that an ALJ can rely on a non-examining physician's report in denying benefits as long as that report does not contradict information in the examining physicians' reports).

Substantial evidence supports the ALJ's decision to give great weight to Dr. Stephenson's opinion, and to the ALJ's decision to deny Ms. Knight's application for a period of disability, disability insurance benefits, and supplemental

security income. Accordingly, the court **WILL AFFIRM** the Commissioner's decision.[1]

**III. CONCLUSION**

Substantial evidence supports the ALJ's denial of Ms. Knight's application for a period of disability, disability insurance benefits, and supplemental security income, and this court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 19, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] Ms. Knight's final argument is that under the Medical Vocational Guidelines, her age and past relevant work in connection with a limitation to a sedentary level of exertion mandate a finding of disability. (Doc. 8 at 13). Because the court finds that substantial evidence supports the ALJ's residual functional capacity determination—meaning that Ms. Knight is not limited to sedentary work—the court need not reach that argument.